J-S24014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ZACHERY G. WHISNER | : | |
| | : | |
| Appellant | : | No. 304 WDA 2025 |

Appeal from the PCRA Order Entered February 26, 2025
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000501-2023

BEFORE: NICHOLS, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY NICHOLS, J.: **FILED: JULY 21, 2026**

Appellant Zachery G. Whisner appeals *pro se* from the order denying his timely first Post-Conviction Relief Act[1] (PCRA) petition. On appeal, Appellant argues that his plea counsel was ineffective. Following our review, we remand for further proceedings.

The PCRA court summarized the history of this matter as follows:

[Appellant] plead guilty to Count 1, aggravated assault, 18 Pa.C.S. § 2702(a)(1), felony of the first degree and Count 5, criminal mischief, 18 Pa.C.S. 3304(a)(5), misdemeanor of the second degree. [Appellant's] sentence aggregates to a period of incarceration of not less than twenty-four (24) months to no more than forty-eight (48) months plus twenty-four (24) months of consecutive probation. [Appellant] was also ordered to comply with the [plea] court's standard conditions of supervision and, *inter alia*, obtain a mental health evaluation and follow through with recommended treatment and counseling as indicated by a drug and alcohol evaluation. No direct appeal was filed.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[Appellant] timely filed a *pro se* [PCRA petition] on August 9, 2024. [Appellant] additionally filed a memorandum of law in support of petition on August 9, 2024. [The PCRA] court appointed Stacy Parks, Esq. as PCRA counsel for [Appellant]. Attorney Parks filed an amended petition for post-conviction collateral relief (the "amended petition") on December 20, 2024. The Commonwealth filed an answer on January 2, 2025. However, on January 3, 2025[, Appellant] filed a motion for **Grazier**[2] hearing to proceed *pro se* and on January 10, 2025, Attorney Parks filed a motion to withdraw appearance. Essentially, [Appellant] desired to raise certain issues and/or pursue certain strategies/theories that in counsel's view lacked merit. [The PCRA] court ultimately found [Appellant] to be making his request knowingly, intelligently, and voluntarily and granted [Appellant's] request and allowed him to proceed *pro se* on his *pro se* [PCRA] petition.

PCRA Ct. Op., 2/26/25, at 1-2 (some formatting altered). Following a hearing, the PCRA court issued an order granting Attorney Parks' motion to withdraw.

The PCRA court held an evidentiary hearing on January 31, 2025. At the hearing, the PCRA court again asked Appellant if he was sure that he wanted to proceed *pro se*, and Appellant confirmed that he wanted to represent himself.[3] **See** N.T., 1/31/25, at 4-6. Further, Appellant informed the PCRA court that he wanted to pursue the issues that he raised in his initial *pro se* PCRA petition as opposed the issues raised in the counseled amended PCRA petition. **See id.** at 5-6. In an order and opinion filed on February 26, 2025, the PCRA court denied Appellant's PCRA petition.

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[3] "[O]nce a defendant has made a competent waiver of counsel, that waiver remains in effect through all subsequent proceedings in that case absent a substantial change in circumstances." **Commonwealth v. Phillips**, 141 A.3d 512, 521 (Pa. Super. 2016).

Appellant filed a timely appeal, and both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues:

I. Whether every fair[-]minded jurist would disagree that the PCRA court's denial of Post Conviction relief on Appellant's guilty plea counsel's ineffective assistance claim that Appellant being abandoned during the plea colloquy is inconsist[e]nt with the holding in **Strickland**?  Furthermore:

    a) Did plea counsel abandon Appellant by sending an envoy to the plea hearing in his stead in violation of due process and Pa.R.Crim.P. 120(B)(1)?

    b) Did plea counsel misadvise Appellant during the plea process in violation of Pa.R.Crim.P. 590(a) when substitute counsel stated he didn't know and to ask Appellant's lawyer?

    c) Can a claim of ineffective assistance of counsel be waived before post conviction collateral proceedings?

II. Whether every fair[-]minded jurist would disagree that the PCRA counsel was ineffective for failing to file a [PCRA] petition on the record transcripts alterations that p[er]mitted the record to reflect substitute counsel speaking as the plea counsel during the plea hearing?

Appellant's Brief at 4 (some formatting altered).

"This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error."  **Commonwealth v. Colon**, 230 A.3d 368, 374 (Pa. Super. 2020) (citation omitted).

PCRA petitioners have a general rule-based right to the assistance of counsel for their first PCRA petition.  Pa.R.Crim.P. 904(C); **Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) (stating that "a

- 3 -

criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition **through the entire appellate process**" (emphasis added)).

Further, this Court has explained that while a defendant's "competent waiver of counsel . . . remains in effect through all subsequent proceedings in that case absent a substantial change in circumstances," **see Phillips**, 141 A.3d at 521, "a waiver of counsel colloquy must occur at every 'critical stage' of a criminal proceeding." **Commonwealth v. Baker**, 464 A.2d 496, 499 (Pa. Super. 1983).

Here, although the PCRA court indicated that it conducted a **Grazier** hearing prior to holding an evidentiary hearing, the notes of testimony from the **Grazier** hearing do not appear in the certified record provided to this Court. Accordingly, there is no indication in the record that Appellant waived his right to counsel on appeal.[4] **See Robinson**, 970 A.2d at 457; **Baker**, 464 A.2d at 499. Therefore, on this record, we are constrained to remand this matter for further proceedings.

On remand, the PCRA court shall conduct a hearing within thirty days to determine whether Appellant seeks to exercise his right to represent himself on appeal and, if not, appoint new counsel on Appellant's behalf.

---

[4] The record also reflects that the PCRA court failed to notify Appellant of his appellate rights at the conclusion of the PCRA evidentiary hearing or in its order denying Appellant's PCRA petition. **See** N.T., 1/31/25, at 39-44; PCRA Ct. Order, 2/26/25.

Case remanded.  Jurisdiction retained.